**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LEKIEWA RASBERRY, | DOCKET NUMBER |
|        Appellant, | DC-0752-18-0681-I-1 |
|     v. | |
| DEPARTMENT OF HEALTH AND | DATE: February 7, 2024 |
|    HUMAN SERVICES, | |
|        Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lekiewa Rasberry</u>, Chicago, Illinois, pro se.

<u>Susan Andorfer</u>, Washington, D.C., for the agency.

<u>Hollis E. Marken</u>, Baltimore, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the agency action removing her for medical inability to perform the duties of her position. On petition for review, the appellant argues that the agency's search for vacant, funded positions for which she qualified was

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

inadequate and contends that it should have offered her a hardship transfer. She also challenges the administrative judge's adjudication of her affirmative defenses of discrimination and reprisal for engaging in protected equal employment opportunity (EEO) activity. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to consider the appellant's EEO retaliation claim in light of our recently issued decision in *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, and to analyze the appellant's claim that the agency erred in failing to offer her a hardship transfer, we AFFIRM the initial decision.

Some of the protected activity underlying the appellant's EEO retaliation claim involved a formal discrimination complaint in which she raised, among other claims, disability discrimination. Initial Appeal File (IAF), Tab 34 at 9. While the administrative judge considered the appellant's retaliation claim under a "motivating factor" standard, the Board has recently held that, in addressing retaliation claims under the Rehabilitation Act, the Board will instead apply a more stringent "but-for" standard of causation. *Pridgen*, 2022 MSPB 31, ¶¶ 46-47. Nevertheless, we find that analyzing the appellant's claim of retaliation for filing a disability discrimination complaint under *Pridgen* does not require a

different result. Having failed to meet the less stringent "motivating factor" analysis, the appellant cannot meet the more stringent "but-for" analysis. Thus, we affirm the administrative judge's finding, as modified, to find that the appellant did not prove that her protected Americans with Disabilities Act Amendments Act of 2008 activity was the "but-for" cause of her demotion. *Id.*

The appellant argues on review that the agency should have given her a hardship transfer under a new provision of the Master Labor Agreement (MLA).[2] Petition for Review (PFR) File, Tab 1 at 5-7. She testified that a 2017 update to the MLA allowed for a hardship transfer for which she believed that she qualified. October 19, 2018 Hearing Transcript (HT) at 147 (testimony of the appellant). She further testified that because it was new, she was unsure of the requirements for obtaining a hardship transfer and that she instead chose to ask for a reasonable accommodation. HT at 154-55. Under questioning by the appellant, her supervisor testified that she was unaware of hardship transfers under the MLA and that no one suggested that approach to her. HT at 102-04 (testimony of the appellant's supervisor). The appellant's second-level supervisor, ID at 2, testified that she had heard that there was such a thing as a hardship transfer, but she did not know what it was or the process required for it, HT at 132 (testimony of the appellant's second-level supervisor). The Board will enforce binding provisions of a collective bargaining agreement in the same manner as it enforces agency regulations and will determine whether harmful error occurred. *Hall v. Department of the Navy*, 73 M.S.P.R. 251, 255 (1997).

The administrative judge gave the appellant notice of her burden and an opportunity to establish that the agency committed an error in the application of its procedures that is likely to have caused it to reach a conclusion different than

---

[2] Neither party filed a copy of the MLA to which the appellant refers, but the agency asserted that she is covered by the collective bargaining agreement between the Centers for Medicare and Medicaid Services and the American Federation of Government Employees, Local 1923, AFL-CIO, and we presume this is the agreement at issue. IAF, Tab 12 at 14.

the one it would have reached in the absence of the error.  IAF, Tab 15 at 14; *see* 5 C.F.R. § 1201.4(r) (defining harmful error).  However, she did not address the appellant's argument regarding the MLA in the initial decision.  Although the appellant questioned two witnesses about the availability of a hardship transfer, she did not submit a copy of the MLA, or establish any relevant details concerning the standards for granting a hardship transfer under the MLA.  She reraises the issue on review but still fails to provide a copy of the MLA or provide any details concerning a hardship transfer under the MLA.  PFR File, Tab 1 at 5-6.  Thus, even if the administrative judge erred in not addressing the issue, because the appellant failed to establish the parameters of a hardship transfer under the MLA, she could not establish that the agency erred in not offering one to her or that it would have come to a different conclusion had it done so.  The administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights.  *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981).

Accordingly, we affirm the initial decision and deny the petition for review.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and you wish to challenge the Board's rulings on <u>your whistleblower claims only, excluding all other issues</u>, then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.